UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No:  25-cv-5546

ROLL & HILL, LLC,

    Plaintiff,

vs.

HPG INTERNATIONAL, LLC,

    Defendant.

_____/

# COMPLAINT

Plaintiff Roll & Hill, LLC ("Plaintiff" or "Roll & Hill") sues Defendant HPG International, LLC ("HPG") ( "Defendant"), and in support thereof, states as follows:

## INTRODUCTION

1. This action was necessitated by Defendant's calculated actions to knock off Plaintiff's patented Krane lighting fixture in order to save money to furnish the swanky Lower East Side Moxy Hotel located at the street address 145 Bowery, New York, NY 10002 (the "Moxy Hotel").  In an effort to save money, Defendant reached out to Roll & Hill, obtained pricing information for the Krane lighting fixture, obtained a sample of the fixture, and then sent the sample overseas to China to create a cheap knockoff which was inevitably placed in hundreds of rooms at the Moxy Hotel.  In doing so, it not only infringed upon United States Design Patent US D824,077 (the "Design Patent"), for which Roll & Hill is the exclusive licensee, it also committed deceptive and unfair trade practices in violation of New York law.

## JURISDICTION, VENUE, AND PARTIES

2. This is an action for patent infringement and violations of New York State law which are detailed below.

Case No: 25-cv-5546

3. Jurisdiction is conferred on this Court by 15 U.S.C. 1121 and 28 U.S.C. 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over all state law claims derived from a common nucleus of operative facts.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

5. Plaintiff, Roll & Hill LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

6. Defendant HPG International, LLC is a California corporation with its principal place of business located at 350 North Wiget Lane, Walnut Creek, California 94598. HPG acted as the "purchasing agent" for the guest rooms at the Moxy Hotel. This means that HPG was responsible for the procurement of the furnishings of the Moxy Hotel's guest rooms including the light fixtures which are the subject of this lawsuit. HPG regularly and systemically conducts business in New York. In fact, the HPG website advertises and promotes numerous projects located in Manhattan for which it served as the purchasing agent. Additionally, as it relates to the present matter, the commercial activities of HPG caused injury to Roll & Hill in New York and this jurisdiction.

7. The Court has personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with New York.

8. In addition, all the Defendant has conducted business in this District and has committed torts within the State of New York which are the subject of this action.

## BACKGROUND

**The Krane Lighting Fixture:**

9. Roll & Hill is a design-minded American furniture and lighting company based in New York. The company collaborates with some of the most exciting independent designers working today to create its exceptional collection.

2

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

Case No: 25-cv-5546

10. Roll & Hill is committed to on-demand production. With its manufacturing facilities located in Grand Rapids, Michigan, the company makes its furniture and lighting by hand, one piece at a time. Their designs draw from a rich material palette including brass, bronze, leather, wood, hand-knotted rope, and mouth-blown glass.

11. As part of Roll & Hill's intellectual property portfolio, it holds all substantial rights to United States Design Patent US D824,077 (the "Design Patent").

12. The Design Patent was invented by Vera Kleppe ("Kleppe"), Ashild Kyte ("Kyte"), Dylan Davis ("Davis"), and Hui Chun Lee ("Lee").

13. Kleppe and Kyte assigned their interest in the Design Patent Vera & Kyte ("Vera & Kyte"). The assignment has been recorded with the United States Patent and Trademark Office.

14. Davis and Lee assigned their interest in the Design Patent to Ladies & Gentlemen Studio, Inc. ("Ladies & Gentlemen"). The assignment has been recorded with the United States Patent and Trademark Office.

15. Pursuant to a Designer License Agreement, both Vera & Kyte and Ladies & Gentlemen have provided Roll & Hill with all substantial rights in the Design Patent.

16. Amongst other things, the Design Patent protects the design of a lighting fixture named Krane (the "Krane Fixture") which is exclusively produced and distributed by Roll & Hill through its licensing agreement with Vera & Kyte and Ladies & Gentlemen.

17. The Krane lighting fixture has a retail price of $4,490. The following is an example of an authentic version of the Krane lighting fixture:

Case No:   25-cv-5546



**HPG Expresses an Interest in a Bulk Purchase of the Krane Fixture:**

18. In October, 2019, an architectural and design firm along with its project manager HPG International reached out to Ladies & Gentlemen Studio and Roll & Hill about lighting products for a new project that they were jointly working on – the Moxy NYC Lower East Side located in New York, New York.

19. At the time, HPG International was interested in both the "Odds & Ends" light fixture as well as the Krane Fixture.

20. After discussion between the parties, on October 18, 2019, HPG ordered a sample Krane Fixture on a rush basis.  The Krane Fixture was ordered for a Moxy Hotel model room which HPG and the architectural and design firm were creating.

Case No:   25-cv-5546

21. The sample light fixture was shipped to HPG on November 4, 2019.  In connection with the purchase of the Krane Fixture, HPG and the architectural and design firm requested a quote for 210 Krane Fixtures which would be used in the majority of the rooms at the Moxy Hotel.

22. After receiving the sample Krane Fixture and a price quote, HPG effectively ceased substantively communicating with Roll & Hill both directly and indirectly.

23. HPG knew that the design of the Krane Fixture was protected by the Design Patent.

**Defendant's Duplicitous Conduct Revealed:**

24. At the time, Roll & Hill presumed that ownership of the Moxy Hotel decided to go in a different direction with the design of the room and chose a different light fixture.

25. However, upon the opening of the Moxy Hotel, the duplicitous conduct of HPG Internatinoal was revealed.

26. Instead of purchasing the Krane Fixture from Roll & Hill, HPG International took the sample that was provided by Roll & Hill and had a Chinese manufacturer create a cheap knockoff of the piece which is now situated in the majority of the rooms at the Moxy Hotel.

27. HPG International then sold the cheap knockoff versions of the piece to the Moxy Hotel to decorate its rooms.

28. This was hidden from Roll & Hill until the time that the Moxy opened its doors to the public in late 2022.

29. A side by side comparison of the knockoff fixture produced by HPG International and the authentic and patented Krane fixture can be seen as follows:

Case No:   25-cv-5546

 

30.     The Design Patent protects the following design:



31.     Representatives from Roll & Hill were able to confirm that the knockoff Krane Fixtures at the Moxy Hotel are cheap and inauthentic versions of the Roll & Hill version.

32.     The UL Number of one of the knockoff fixtures confirms that it was produced in a Chinese factory which is in no way affiliated with Roll & Hill.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

Case No:   25-cv-5546

33. In the eye of an ordinary observer, the design of the Krane Fixture, which is protected by the Design Patent, is substantially the same as the ligiting fixture produced by HPG International. Thus, the resemblance between the two is such that it would deceive such an ordinary observer who would suppose that the HPG International Fixture is the Krane Fixture.

34. Defendant's actions constitute patent infringement because the design of the Krane Fixture is protected by the Design Patent, and to the ordinary observer, the design of the Krane Fixture is substantially the same as the HPG International fixture.

35. Defendant's conduct also violates New York's unfair competition statutes.

36. Plaintiff has performed all conditions precedent to bringing this action or said conditions have been excused or waived.

37. Plaintiff has engaged undersigned counsel to represent it in this action and has agreed to pay counsel a reasonable fee for its services for which Defendant is liable.

**COUNT I – DIRECT PATENT INFRINGEMENT OF THE DESIGN PATENT**

(Patent Infringement pursuant to 35 U.S.C. §271)

38. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 37.

39. Defendant, acting alone or under the direction or control of another has infringed the Design Patent for the reasons set forth above.

40. Defendant, acting alone, in concert, or under the direction or control of another, imported the infringing lighting fixtures into the United States for utilization in the guest rooms of the Moxy Hotel.

41. Defendant, acting alone, in concert, or under the direction or control of another, markets, distributes, offers for sale, or sells the infringing lighting fixtures into the United States for utilization in the guest rooms of the Moxy Hotel.

42. Pursuant to 35 U.S.C. § 271, Defendant has infringed and continues to infringe the Design Patent.

## COUNT II – INDUCED PATENT INFRINGEMENT OF THE DESIGN PATENT

(Patent Infringement pursuant to 35 U.S.C. §271)

43. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 37.

44. Defendant, acting alone or under the direction or control of another, has infringed the Design Patent for the reasons set forth above.

45. Defendant knew or should have known that the offer for sale, or sale in the United States of the infringing lighting fixutres used at the Moxy Hotel infringed the claims of the Design Patent.

46. Defendant intended to encourage Moxy's infringement of the Design Patent by selling the hotel the knockoff version of the Krane Fixture.

47. Defendant, acting alone, in concert, or under the direction or control of another, with specific intent, has induced the marketing, distribution, offer for sale, or sale of the infringing lighting fixtures for utilization in the guest rooms of the Moxy Hotel.

48. Pursuant to 35 U.S.C. § 271, Defendant has infringed and continues to infringe the Design Patent.

## COUNT III – COMMON LAW UNFAIR COMPETITION

49. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 37.

50. Through the above described conduct, Defendant has misappropriated the labors and expenditures of Plaintiff in bad faith for the purpose of misleading the public and exploiting Plaintiff's work for its own improper commercial benefit and gain.

51. Defendant is passing off inferior lighting design copies as Plaintiffs. In so doing,

Case No:   25-cv-5546

Defendant passes off products as authentic patented designs when in fact they are not.

52. The consuming public is likely to be confused as to the source and origin of the lighting fixtures utilized by Defendant.  Upon information and belief, actual confusion has occurred as a result of Defendant's bad faith conduct.

53. The activities of Defendant complained of herein constitute unfair competition; are in total disregard of Plaintiff's rights, and were commenced and have continued in spite of Defendant's knowledge that its conduct was in bad faith and in direct contravention of Plaintiff's rights.

54. Plaintiff has suffered (and continues to suffer) irreparable harm and damages as a result of Defendant's above-described activities, including false association between the parties and a lessening of the goodwill residing in the Design Patent.  Defendant will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, thus causing Plaintiff irreparable harm.  Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

## DEMAND

**WHEREFORE**, Plaintiff Roll & Hill, LLC demands entry of Final Judgment against Defendant to:

A. Adjudge that Defendant directly infringed the Design Patent;

B. Adjudge that Defendant induced infringement of the Design Patent;

C. Award Plaintiff damages for Defendant's violation of New York's unfair competition laws;

D. Permanently enjoin Defendant from infringing the Design Patent;

E. Award Plaintiff damages adequate to compensate for Defendant's infringement of the Design Patent.

Case No:  25-cv-5546

F.     Award Plaintiff increased damages under 35 U.S.C. § 284 for Defendant's willful and deliberate infringement of the Design Patent;

G.     Declare this to be an exceptional case under 35 U.S.C. § 285;

H.     Award Plaitniff its attorney fees and costs incurred in prosecuting this action, together with pre-judgment and post-judgment interest; and

I.     Grant Plaitniff any such other and further relief as this Court deems just and proper.

Dated: July 6, 2025

                                            Respectfully submitted,

                                            Becker & Poliakoff, P.A.
                                            1 East Broward Blvd., Suite 1800
                                            Ft. Lauderdale, FL  33301
                                            Telephone:  (954) 987-7550
                                            Facsimile:  (954) 985-4176
                                            grosen@beckerlawyers.com
                                            kmarkow@beckerlawyers.com

                                            By:_____
                                               Gary C. Rosen, Esq.
                                               NY Bar No. 5581616

                                               Kevin Markow, Esq.
                                               FL Bar No. 66982
                                               *(pro hac vice application pending)*